**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**No. 99-60011**
**Summary Calendar**

**TOM LAKE,**

                                                    **Petitioner,**

**versus**

**GREGG A. COOKE, ADMINISTRATOR, UNITED STATES**
**ENVIRONMENTAL PROTECTION AGENCY, REGION 6;**
**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**

                                                    **Respondents.**
_____

**Petition for Review of an Action of the**
**Regional Administrator, Region 6,**
**Environmental Protection Agency**
**(33USC1369(b)(1)(d)**
_____

August 22, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Petitioner Tom Lake contests, *pro se*, the Environmental Protection Agency's approval, pursuant to § 402(b) of the Clean Water Act (CWA), 33 U.S.C. § 1342(b), of the Texas Pollutant Discharge Elimination System (TPDES), administered by the Texas Natural Resource Conservation Commission (TNRCC).

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A State may apply for EPA approval to implement its own permitting program for discharge of pollutants into navigable waters within its jurisdiction; the EPA must do so "unless [it] determines that adequate authority [to administer the program] does not exist".  CWA § 402(b), 33 U.S.C. § 1342(b).

Texas requested approval of TPDES in February 1998.  *See **State Program Requirements; Application to Administer the National Pollutant Discharge Elimination System (NPDES) Program; Texas***, 63 Fed. Reg. 33,655 (19 June 1998).  As required by CWA § 402(b), the Texas Attorney General submitted a statement that Texas laws provide adequate authority to carry out its program, with citations to, and descriptions of, that authority.  ***Id.***

That June, the EPA provided notice of Texas' application and requested public comment.  ***Id.***  Lake was among those commenting. He claimed the TNRCC rules, referenced by the Attorney General in the application, are invalid under state law because, *inter alia*: TNRCC failed to index the rules to the statutes on which they are based; and unconstitutionally promulgated the rules.

On 27 July 1998, in accordance with its regulations, 40 C.F.R. § 123.1(e), the EPA held a public hearing in Austin, Texas.  And, on 24 September, the EPA Region 6 Administrator signed a notice of final action approving TPDES.  ***State Program Requirements; Approval of Application to Administer the National Pollutant Discharge Elimination System (NPDES) Program; Texas***, 63 Fed. Reg. 51,164 (24

Sept. 1998). Responding to Lake's comments, the EPA stated that, because the rules referenced in Texas' application had *not* been adjudged invalid by a court of law and the Texas Attorney General had vouched for their validity, the EPA could rely on the rules as meeting the statutory requirements for program approval. *Id.* at 51188.

Lake asserts the EPA did *not* provide an adequate explanation in rejecting his comments, contending § 402(b) requires the EPA to make an *independent* determination as to the validity of the statutory and regulatory authority cited by the Texas Attorney General, which it neglected to do, for example, by failing to discover a relevant state court ruling. He also maintains the EPA's *not* including, in its 24 September 1998 published Notice of Decision, information regarding procedures for appeal of the decision, does *not* comport with Congress' goal of encouraging public participation, per 33 U.S.C. § 1251(e).

The EPA maintains it did sufficiently explain why it properly relied on the Texas Attorney General's certification: in the absence of judicial invalidation of the state laws necessary to administer the program, it must defer to the Attorney General's interpretation; and in fact, § 402(b) *requires* it to approve the program. (It also maintains the state court decision referenced by Lake did *not* affect regulations relevant to TPDES.) EPA further asserts that neither the CWA, nor the EPA's regulations, require it

to include notice of the right to judicial review in its final notice of program approval; and that, in any event, Lake is deemed to have notice of that right because it is in a statute.

While the parties might appear, on the surface, to disagree as to the exact nature of our review, we conclude any difference is merely semantical: Lake and the EPA correctly point to the Administrative Procedure Act, 5 U.S.C. § 706(2), as the governing standard. Pursuant to its deferential standard, we must "set aside agency action" which is, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(2)(A); ***Texas Oil & Gas Ass'n v. EPA***, 161 F.3d 923, 933 (5th Cir. 1998). "The fundamental precept that permits this deferential standard of review is that 'an agency must cogently explain why it has exercised its discretion in a given manner.'" ***Sea Robin Pipeline Co. v. FERC***, 127 F.3d 365, 369 (5th Cir. 1997), *reh'g & suggestion for reh'g en banc denied*, No. 96-60536 (2 Feb. 1998) (quoting ***Motor Vehicle Mfrs. Ass'n v. State Farm***, 463 U.S. 29, 48, 57 (1983)).

For starters, we reject Lake's contention that the EPA's published responses to his comments were legally inadequate. The EPA "cogently explained" that it relied on the Texas Attorney General's certification of authority because that authority had *not* been invalidated by a court of law. We likewise agree with the EPA

that it was *not* statutorily required to include, in its Notice of Decision, information regarding the right to judicial review.

Lake's central concern seems to be whether, in the light of his comments, the EPA's review of TPDES was legally adequate. It was. The EPA was required to defer to, and entitled to rely upon, the Attorney General's interpretation of Texas law, in the absence of evidence such law had been ruled unconstitutional or repealed by the Texas Legislature. *See* **American Forest & Paper Ass'n v. EPA**, 137 F.3d 291, 294 (5th Cir. 1998).

Accordingly, the petition for review is

***DENIED***.
